**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **AUTO OWNERS INSURANCE COMPANY,)** | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 06-0370-WS-M** |
| ) | |
| **WRIGHT PRE-CAST CONCRETE, INC.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| | |
| **ROBERT H. NEWTON, SR. et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 06-0434-WS-M** |
| ) | |
| **AUTO-OWNERS INSURANCE** ) | |
| **COMPANY, etc.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

        This matter is before the Court on the motions of Auto Owners Insurance Company ("Auto Owners") to consolidate these two actions. (Docs. 4, 4). The parties have filed statements of position, and the motions are ripe for resolution.

        "The stated purpose of Rule 42(a) is to avoid unnecessary costs or delay .... In this Circuit, district judges have been urged to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). As previously noted by the Court, the declaratory judgment action (Civil Action No. 06-0370) presents a subset of the issues presented in the removed garnishment action (Civil Action No. 06-0434). Because the issues in the declaratory judgment action are entirely subsumed within the more expansive garnishment action, consolidation could not reduce unnecessary cost or delay, and the goals of eliminating unnecessary repetition and confusion can be accomplished more simply by staying the declaratory judgment action pending resolution of

the garnishment action.  Resolution of the latter will of necessity resolve the former as well.

Auto Owners does not offer to explain how consolidation of these cases would advance any purpose of Rule 42(a) or of the Federal Rules of Civil Procedure generally.  Instead, it refers vaguely to the "broad application of Rule 42" and the "posture of the proceedings," by which it apparently means that it filed its declaratory judgment action before it was added as a defendant in the garnishment action.  (Civil Action No. 06-0434, Doc. 11 at 5).  Without amplification, these grounds furnish no basis for ordering consolidation.

For his part, Robert H. Newton recommends that the Court stay the garnishment proceeding in favor of the declaratory judgment action.  (Civil Action No. 06-0434, Doc. 9 at 1). This, he says, would allow the existence of coverage vel non to be "ascertained in an expeditious and effective manner."  The trouble is that, were coverage to be found, there would then ensue a second round of discovery, dispositive motions, and trial to address the garnishment issues, generating precisely the cost, delay and repetition that the Rules of Civil Procedure are designed to prevent.

Accordingly, Auto Owners' motions to consolidate are **denied**.  All proceedings in Civil Action No. 06-0370 are **stayed** pending further order of the Court.


DONE and ORDERED this 21st day of November, 2006.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE